**FRAZIER–DAVIS CONST. CO., Inc.
v. CITY OF BIRMINGHAM et al.
No. 14532.**

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1953.

Thomas E. Skinner and Wilkinson & Skinner, Birmingham, Ala., for appellant.

Mayer U. Newfield, Asst. City Atty., Birmingham, Ala., Lee Edward Barton, Asst. Atty. Gen., Thomas M. Haas, Montgomery, Ala., of counsel, for appellees.

Before HOLMES and RIVES, Circuit Judges, and KENNAMER, District Judge.

KENNAMER, District Judge.

Appellant sought in the court below, by declaratory judgment, its right to recover from the State of Alabama the sum of $17,549.10. Tried by the court without a jury, judgment was for the defendants.

Appellant and the State of Alabama entered into a written contract on July 15, 1948, for the demolition of an old Viaduct and the construction of a new one in its place in the City of Birmingham, Alabama.

Item 205(h) of the contract provided for the payment to appellant of the sum of $17,549.10 for removal of certain street railway tracks owned by Birmingham Electric Company and located on the old Viaduct.

By virtue of Article 4 of the 1900 franchise from the City of Birmingham, Alabama, to Birmingham Electric Company's predecessor, the Birmingham Railway, Light & Power Company, wherein the utility was obligated to maintain and to improve and conform its trackage at its own expense whenever specified by the City; and also, an agreement entered into in 1914 by Birmingham Electric Company's predecessor and the City of Birmingham obligating the utility to remove tracks then located at ground level on 1st Avenue, to construct a double track upon a Viaduct then being erected, to conform to the new grade of said Avenue and to operate, maintain, and enjoy same "subject to its franchise obligations", the City of Birmingham, by Ordinance 639–F, adopted July 20, 1948, demanded that Birmingham Electric Company remove its trackage on the old Viaduct at its own expense, which the Electric Company did at no expense to plaintiff or defendants.

On February 28, 1949 the State of Alabama eliminated from the contract with appellant work Item 205(h) in the amount of $17,549.10.

Paragraph 9.05 of Standard Specifications for Road and Bridge Construction was a part of the contract between the Appellant and the State of Alabama and provided in part as follows:

9.05 Payment For Omitted Items. The Engineer shall have the right to order omitted from the Contract any item found unnecessary to the improvement without violating the Contract or Contract Bonds.

■ By specific franchise from the City of Birmingham, and under the municipality's general police power to regulate public streets, the utility was required to remove its trackage from the old Viaduct at its own expense when the City, by Ordinance 639–F, adopted July 20, 1948, demanded that it do so. State ex rel. City of Gadsden v. Alabama City, G. & A. R. Co., 172 Ala. 125, 55 So. 176.

■ When the utility removed its rails at its own expense, the removal of such rails by the appellant became unnecessary, and therefore the elimination of Item 205(h) of the contract was authorized under Paragraph 9.05 of the contract, and for the State Highway Director to have done otherwise would have been injurious to the public welfare and against the public good. Public policy requires that all contracts entered into by an agency of the State be restricted by law for the public good. City Council of Montgomery v. Capital City Water Co., 92 Ala. 361, 9 So. 339.

■ The trial court correctly found from the evidence that Birmingham Electric Company, in removing its tracks from the old 1st Avenue Viaduct and approaches thereof, was not acting as the agent or sub-contractor of plaintiff; and that Ward W. McFarland, as Director of the State Highway Department of the State of Alabama, lawfully eliminated and deleted work item No. 205(h) in the amount of $17,549.10 from the contract between the State of Alabama and appellant, and in so doing did not obligate the State of Alabama or the City of Birmingham to pay any part of said sum to appellant.

The judgment was right and it is Affirmed.